UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**RICARDO RIVERA**
Plaintiff

**V.**                                                              C.A. 2014-cv-10613-FDS

**DEPARTMENT OF CHILDREN AND FAMILIES**
Defendants

## MEMORANDUM FROM PLAINTIFF, RICARDO RIVERA, TO SHOW CAUSE AND SEEK TRIAL BY JURY

I, Ricardo Rivera (plaintiff), am asking the honorable court and judge to not dismiss the case above for the following reasons:

1. Document 15 in the case above states in the *background* section that on July 25, 2013 two Lowell Police officers and a DCF worker came to my home to investigate a report received from Christopher stating I (plaintiff) had sexually abused him. That is not accurate; Christopher at the time was 5 years old and did not make any suggestions nor spoke with any one including his mother Christine that any type of abuse was going on by me (plaintiff) or any other persons. If Christopher had said that I (plaintiff) abused him I would have been arrested on the charges and not allowed back into my apartment unless Christopher was no longer living in the apartment. I (plaintiff) have submitted to the court and DCF a witness list and Christopher is on the list. *I (plaintiff) have never been arrested on these charges. Also, there are not pending charges.*

2. Also on July 25, 2013 Officer Marshall asked for my landlord's phone number and contacted her to talk about the case. That is a violation of my rights as well.

3. DCF worker Noel Costello violated my privacy rights when he informed another family (Jose Santana, also on witness list) by acknowledging my son Ricardo, Jr. who was present at Jose's home and stated how he felt bad for my son because of the problems his father (plaintiff) had with a child who resided upstairs. Not only is that inappropriate and unprofessional but it is humiliating (When Mr. Costello made this comment the investigation was over and case was closed months prior.)

4. As stated in prior documents, both the DCF and Lowell Police officers came into my home without permission nor a warrant, as did Mr. Costello when he searched my personal cell phone for pictures, I (plaintiff) would ask the court to allow my personal cell phone as evidence to show there is no child pornography and all pictures that were present on any and all visits with Mr. Costello are still on the cell phone.

5. My son Ricardo Jr. has learning disabilities as well as social and emotional disabilities and has asked why I do not leave my home, why do my neighbors call me a sex offender and other questions when I was not allowed in my home, how do you explain to a child who does not see and understand things other children his age can understand with the disabilities he suffers from especially when none of it being true? It's impossible. As a parent it is not only unfair but heartbreaking. Thankfully he has a counselor whom knows the DCF matter from his mother Christine also the mother of Christopher. Christine had reached out to our son's counselor regarding our son and went over the situation. Christine was informed by Ricardo, Jr's. counselor that if a child at Christopher's age had been abused the child would show signs of abuse by showing fear of the abuser, crying for unknown reasons, acting out, bed wetting, etc. None of which Christopher displayed to his mother or other family members.

6. I (plaintiff) have Multiple Sclerosis (MS), before July 2013 when the DCF case started my MS was under control. I have to take a weekly injection *Avonex* prescribed my neurologist Dr. Moray (also on witness list). Dr. Moray will order an MRI about twice yearly to monitor the MS. He ordered a MRI which was done on March 3, 2014 for me (plaintiff) and that I schedule a visit the following month. Per Dr. Moray I (plaintiff) went to his office on April 4, 2014. On that day Dr. Moray said the MS had progressed and ordered that I (plaintiff) continue with the *Avonex* but that monthly steroid infusions (IV) were needed as well. MS is a disease with no cure however, stress, anxiety, and depression are known triggers for MS to flare up or progress.  *During the time of DCF investigation I (plaintiff) was neglected prescribed medicine because I was unable to access my weekly injections for about 10-12 weeks because I was not allowed to stay in my house.*

7. For the entire investigation I (plaintiff) had to leave my own home with no place to eat, sleep, shower, or even use a private bathroom. It was stressful and had me living in fear of my own safety. Christopher said from the first day that allegations were false to DCF and Officer Marshall of the Lowell Police Department. I went voluntarily to the Lowell Police Department to make a recorded statement and was allowed to leave without being arrested but DCF continued to treat me as a sex offender.

For the above causes I, Ricardo Rivera (plaintiff) am asking the honorable court and judge to allow my case to be heard by a jury.

Dated: July 5, 2014

Ricardo Rivera, Plaintiff

Enclosed: Memorandum
         Witness List
         Certificate of service

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**RICARDO RIVERA**
Plaintiff

V.                                                                                    C.A. 2014-cv-10613-FDS

**DEPARTMENT OF CHILDREN AND FAMILIES**
Defendants

### WITNESS LIST.

- DCF worker Suran (last name unknown) who works at Lowell DCF at 33 East Merrimack Street, Lowell MA 01852
- DCF worker Noel Costello who works at Lowell DCF at 33 East Merrimack Street, Lowell MA 01852
- Officer Marshall from Lowell Police Department of the Family Services Dept. 50 Arcand Drive, Lowell MA 01852
- Christopher Lozada (minor) who resides at: 89 Temple St, Lowell, MA 01851
- Ricardo Rivera, Jr. (minor) who resides at: 89 Temple St, Lowell, MA 01851
- Luis Lozada (minor) who resides at: 89 Temple St, Lowell, MA 01851
- Khalea Lozada (minor) who resides at: 89 Temple St, Lowell, MA 01851
- Christine Mungovan (mother of above minors) resides at: 89 Temple St, Lowell, MA 01851
- Jose Santana who resides at: 139 Cumberland Rd, Lowell, MA 01850
- Dr. Johnathan Moray who office is located at: Gateway Center, 10 George St, Suite 300, Lowell, MA 01852
- Ricardo Rivera (plaintiff) who resides at: 89 Temple St, Lowell, MA 01851
- Wenlan Lu who resides at: 104 Dent St, West Roxbury, MA 02132

## CERTIFICATE OF SERVICE

I, Ricardo Rivera, Plaintiff, herby certify that I have this day July 6, 2014, served the foregoing document, upon all parties, by mailing a copy, postage prepaid to:

Liza Tran

Assistant Attorney General

1 Ashburton Place, Room 1813

Boston, MA 02108

*/s/ Ricardo Rivera*